IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**GRADY RAY TRUAX, JR.**                                                                 **PETITIONER**

**V.**              **CASE NO. 1:18-CV-45-JM-BD**

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                                              **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.      Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr. Any party may file written objections with the Clerk of Court. To be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record.

**II.     Background:**

Grady Ray Truax, Jr. brings this petition for writ of habeas corpus challenging the Arkansas Department of Correction's ("ADC's") calculation of his sentences out of Washington County Circuit Court and Benton County Circuit Court. (Docket entry #1) The parties agree that Mr. Truax was in custody when he filed his petition and continues to be in custody under the meaning of 28 U.S.C. § 2254, because he is currently on parole. (#1, #9 at FN1)

Specifically, Mr. Truax claims the ADC miscalculated his end-of-sentence date. Mr. Truax originally received six-year sentences on his convictions out of Benton County.[1] (#12 at 15) The Benton County sentences were ordered to run concurrently and were *nunc pro tunc* to a January 3, 2013 six-year sentence in Washington County Circuit Court. (#12 at 7-12)

The ADC contends that Mr. Truax absconded from parole from October 9, 2014, until August 18, 2017, and as a result, set his discharge date as November 13, 2021. Mr. Truax admits he absconded for a period of 451 days, but he denies he absconded for 1,045 days. Mr. Truax asks the Court to set his end of sentence date as December 26, 2019. (#1 at 12)

Director Kelley has responded to the petition with a motion to dismiss. (#8) In the motion, Respondent Kelley argues that Mr. Truax has not exhausted his state-court remedies and is not eligible, therefore, for habeas corpus relief.

### III.  Exhaustion:

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to

---

[1] Respondent Kelley attaches a second amended sentencing order, filed April 25, 2018 in Benton County Circuit Court, to her response. It appears that the second amended sentencing order was filed after Mr. Truax's probation was revoked, added offenses 6 and 7, and corrected a jail-time credit issue. (#9 at 13-18) In his reply to the response, Mr. Truax states the 24-month sentences in the second amended sentencing order (#9 at 15-18), "'are not' included in this petition." (#12 at 5) Mr. Truax, in fact, states that a third amended sentencing order will be forthcoming. (#12 at 6) Mr. Truax insists that the only relevant Benton County sentencing order is the original order dated October 17, 2013. (#12 at 6) Because the Court recommends dismissal of the petition for failure to exhaust, it will not further address the sentencing-order dispute.

the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors made there. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); see also 28 U.S.C. § 2254(b) & (c) (requiring federal habeas petitioner to pursue all remedies available in the state courts).

While Mr. Truax was in the ADC, he filed an Inmate Request Form stating that his "flat date" was wrong and asking whom he should contact to correct it. (#1 at 18) A staff member responded, "You absconded 10/09/14 to 08/18/17, which is 1045 days, (2 yrs, 10 mo, 9 days as of today) that you have to serve." (#1 at 18)

Mr. Truax then filed a second Inmate Request Form disputing the ADC calculation. The Records Department responded that it had nothing to do with dead time and told Mr. Truax he would need to contact his field parole officer. (#1 at 17) Mr. Truax states that he contacted the supervisor of parole and probation who stated that Arkansas Community Correction had, "nothing to do with the issue." (#12 at 3)

Despite his attempts, Mr. Truax has not exhausted his state remedies. Under Arkansas law, a state prisoner may challenge the computation of his sentence by filing a petition for declaratory judgment and a petition for writ of mandamus in state court. See ARK. CODE ANN. §§ 16-115-101 *et seq.* and 16-111-101 *et seq.*; see also *Waller v. Kelley*, 2016 Ark. 252 at 6, *cert. denied* 137 S.Ct. 257 (2016) (holding that a prisoner may challenge the miscalculation of a sentence and parole eligibility date by filing a petition for declaratory judgment and writ of mandamus); *Engram v. Norris*, No. 5:07CV00187 SWW/JTR, 2009 WL 2151758, at *3 (E.D. Ark. July 17, 2009) (dismissing a federal habeas petition so that Arkansas prisoner could exhaust his claim that the ADC

3

improperly determined his parole eligibility date by filing a petition for declaratory judgment and writ of mandamus in state court).[2] For that reason, Mr. Truax's petition for federal habeas corpus relief cannot succeed.

### IV.   **Certificate of Appealability:**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Truax has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Truax has not provided a basis for the Court to issue a certificate of appealability. Accordingly, a certificate of appealability should be denied.

### V.   **Conclusion:**

Mr. Truax has not exhausted his habeas corpus claim in state court. The Court, therefore, recommends that Respondent Kelley's motion to dismiss (#8) be GRANTED, and Mr. Truax's habeas corpus petition (#1) be DENIED, and the case DISMISSED,

---

[2] To challenge a sentence calculation by the ADC, a prisoner must file a "petition for declaratory judgment and petition for writ of mandamus," a civil cause of action in circuit court. See *Waller*, 2016 Ark. 252 at 4 (citing *Wiggins v. State,* 299 Ark. 180 (1989). Such a "petition ... is properly filed in the county in which the defendant, *i.e.,* the Director of the Arkansas Department of Correction *or* keeper of the records of the Arkansas Department of Correction, is located." *Wiggins*, 299 Ark. at 181-82 (dismissing, without prejudice, appeal from denial of "petition for declaratory judgment and writ of mandamus" that was filed in Pulaski County Circuit Court, because neither the ADC Director nor the "keeper of the records" were "located in Pulaski County"). Accordingly, if Mr. Truax would like to pursue his claim in state court, he should file a "petition for declaratory judgment and writ of mandamus" against Wendy Kelley, Director, Arkansas Department of Correction, in Jefferson County Circuit Court. If Mr. Truax is denied relief at the circuit-court level, he must appeal the denial of relief to the Arkansas Supreme Court to exhaust his available state-court remedies.

without prejudice. The Court further recommends that no certificate of appealability be issued.

DATED this 21st day of September, 2018.

_____
UNITED STATES MAGISTRATE JUDGE